UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP, | 4:20-CV-04021-KES |
| Plaintiff, | |
| vs. | 1915A SCREENING ORDER DIRECTING SERVICE IN PART AND DISMISSING IN PART |
| TYLER COOK, Inmate, in his individual and official capacity; JESSICA COOK, Assistant Warden, in her individual and official capacity; LARRY ANDERSON, Teacher, in his individual and official capacity; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, in its individual and official capacity; HEALTH SERVICES STAFF, Nurses, Doctors, Nurse Practitioner, in their individual and official capacities; SPECIAL INVESTIGATIONS UNIT, in its individual and official capacity; GEANIE BEIRCH, Segregated Housing Manager, in her individual and official capacity; JAMIE ZOSS, Unit Coordinator, in her individual and official capacity; JENNIFER DRISKI, Warden, in her individual and official capacity, CASSIE HALL, Mental Health, in her individual and official capacity; KATHERINE OLSEN, Unit Coordinator, in her individual and official capacity; BOB DOOLEY, Warden, in his individual and official capacity; DAREN YOUNG, Warden, in his individual and official capacity; BONNIE TEMPLEMAN, Aunt, in her individual and official capacity; DANIEL ARMSTRONG JR., Cousin, in his individual and official capacity; TROY PONTO, Warden in his individual | |

and official capacity; RICHARD
VESTLIE, Senior Correctional Officer, in
his individual and official capacity;
TAMMY TOP, Nurse Practitioner, in her
individual and official capacity; ASHLEY
ROOPERT, Teacher, in her individual
and official capacity; EUGIENE
REGIER, Doctor, in his individual and
official capacity; KAYLEY ARMSTRONG,
Cousin, in her individual and official
capacity; JASON RAVENSBORG,
Attorney General, in his individual and
official capacity; JOHN M. STROMON,
Assistant Attorney General, in his
individual and official capacity;
MATTHEW THELEN, Federal Clerk of
Courts, in his individual and official
capacity; U.S. FEDERAL
GOVERNMENT, in its individual and
official capacity; ARTHUR ALLCOCK,
Warden, in his individual and official
capacity; MICHELLE THOMAS, Public
Advocate, in her individual and official
capacity; RYAN KOLBECK, Public
Defender, in his individual and official
capacity; THOMAS HENSLEY, States
Attorney, in his individual and official
capacity; LINDSEY S. QUESNAY,
Attorney for the Attorney General, in
her individual and official capacity;
SIOUX FALLS POLICE DEPARTMENT,
in its individual and official capacity;
ROBIN J. HOUWMAN, Judge, in her
individual and official capacity;
NATALIE DAMGAARD, Judge, in her
individual and official capacity;
VERONICA L. DUFFY, Magistrate Judge
in her individual and official capacity;
KIETH DITMANSON, Unit Manager, in
his individual and official capacity;
TIFFINY STOYAKNOVE, Segregated
Housing Coordinator, in her individual
and official capacity; KYLE BENDER,
Correctional Officer, in his individual
and official capacity; ERIC

TIMMERMAN, Correctional Officer, in his individual and official capacity; MOSES WAGNER, Inmate, in his individual and official capacity; ANTHONY STEAL, Inmate, in his individual and official capacity; JOHN BENTING, Warden, in his individual and official capacity; BREANA FREEMAN, Alleged Sex Crime Victim, in her individual and official capacity; KEVIN WESTENCURCHER, Correctional Officer, in his individual and official capacity; AMBER HAGAN, Correctional Officer, in her individual and official capacity; JAMES DORNBUSH, Inmate, in his individual and official capacity; DANIEL ARMSTRONG, Cousin, in his individual and official capacity; AUNDEN DERAN, Inmate, in his individual and official capacity; TIMATHY STANDVOLD, Correctional Officer, in his individual and official capacity; PAROLE BOARD, in their individual and official capacity; and SAVANAH MURAY, Parole Board Member, in her individual and official capacity,

                    Defendants.

Plaintiff, Kevin Christopher Micheal Tripp, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Tripp's motion to proceed in forma pauperis. Docket 8. Under Federal Rule of Civil Procedure 15(a)(1), Tripp filed an amended complaint. Docket 9. He now moves to proceed in forma pauperis and for appointment of counsel. Dockets 10, 11, 15. Tripp moves to amend his complaint for a second time. Docket 17.

I.      **Motion to Proceed In Forma Pauperis**

Because this court has already granted Tripp's motion to proceed in forma pauperis in this action (Docket 8), his pending motion to proceed in forma pauperis (Docket 11) is denied as moot.

II.     **1915A Screening**

        A.      **Factual Background**

The facts alleged in Tripp's amended complaint are: that defendants are violating the Prison Rape Elimination Act and allowing Tripp to be sexually harassed. Docket 9 at 1. Tripp claims that inmates and defendants use profanity and crude language towards him and that the South Dakota Department of Corrections (SDDOC) defendants have imposed frivolous fines against him. *Id.* Tripp believes that he is being discriminated against because he has been placed in segregated housing for two years and inmates who he claims are more violent than him are not placed there. *Id.* at 10.

He alleges that he is being unconstitutionally held because of the actions of South Dakota State Court Judges and attorneys. *Id.* at 8, 11, 13. Tripp claims that Kyle Bender and Eric Timmerman, correctional officers, failed to protect him from another inmate (Tyler Cook) and that the prison teacher, Larry Anderson, just stood there while he (Tripp) was being assaulted by Cook. *Id.* at 10. Tripp asserts that he has a "right to become a sovereign citizen" and that Matthew Thelen, Clerk of Courts, is not allowing him to assert this right because Thelen has not given him the proper paperwork. *Id.* at 11. Tripp claims

4

that Magistrate Judge Veronica L. Duffy is forcing him to pay a $5.00 fee. *Id.*[1]
Tripp also claims that Jason Ravonsberg will not let him file a habeas corpus
petition because he has not exhausted his state court remedies which Tripp
asserts is completely not necessary. *Id.*

Tripp practices the religion of Christian Science and believes that his
"health problems could be solved through prayer [and] not medical treatments"
and claims that his freedom of religion has been violated because Health
Services has gotten rid of his do-not-resuscitate order (DNR) and has not
allowed him to sleep on the bottom bunk. *Id.* at 11, 13. He claims that the
SDDOC has not allowed him to attend church while he is in segregated
housing. *Id.* at 11.

Tripp alleges that it is medical indifference for the Health Services Staff
to not allow him to sleep on the bottom bunk and that Richard Vestile has
denied him his mental health medication. *Id.* at 10-11. Tripp claims that
frivolous fines have been assessed against him and that his television was
taken away. *Id.* at 1, 10, 13. Tripp has allegedly been forced to use dirty
underwear after another inmate stole his laundry and Amber Hagan refused to
give him clean clothing. *Id.* at 10. Tripp seeks $100 million and does not ask
for any other type of relief. *Id.* at 9.

---

[1] Tripp's claims against Magistrate Judge Veronica L. Duffy and Matthew
Thelen are identical to his claims in a previous lawsuit. *See* 4:19-cv-04143-
KES, Docket 10. These claims were dismissed in the screening order for failure
to state a claim upon which relief can be granted. *Id.* This court will not
address these claims again and Tripp's claims against Magistrate Judge Duffy
and Thelen are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and

### B.    Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are

6

"(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C.   Legal Analysis

#### 1.   Under Color of State Law

Tripp's amended complaint is brought under 42 U.S.C. § 1983, which prohibits deprivation of civil rights "under color of" state law. In his amended complaint, Tripp sues a number of private individuals: (1) Tyler Cook (inmate); (2) Bonnie Templeman (aunt); (3) Daniel Armstrong, Jr. (cousin); (4) Kayley Armstrong (cousin); (5) Moses Wagner (inmate); (6) Anthony Steal (inmate); (7) Breana Freeman ("alleged sex crime victim"); (8) James Dornbush (inmate); (9) Daniel Armstrong (cousin); and (10) Auden Deran (inmate). Docket 9 at 2-4, 6.

A defendant must be acting "under color of" state law for Tripp's allegations to withstand 28 U.S.C. § 1915A review. "If a party's conduct meets the requirement for state action, the same acts also qualify [under a Fourteenth Amendment analysis] as actions taken 'under color of state law' for purposes of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)). The United States Supreme Court has "recognized a number of circumstances in which a private party may be characterized as a state actor[.]" *Id.*; *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970)) (A private party can become a state actor when the state

7

has delegated power that is traditionally exclusive to the state, where there is willful participation of joint unconstitutional activity, and where there is a pervasive entwinement between the state and the party); *see Lugar*, 457 U.S. at 937 (stating deprivation must be fairly attributable to state).

Tripp claims that inmates Cook, Wagner, Steal, Dornbush, and Deran have assaulted and verbally harassed him. Docket 9 at 10. These allegations alone do not support that the inmate defendants were intertwined with state action or were delegated power by the state. Tripp's claims against the inmate defendants do not expose them to suit under § 1983.

Tripp also sues his family members, Bonnie Templeman, Daniel Armstrong, Jr., Kayley Armstrong, and Daniel Armstrong. *Id.* at 4. He sues Breana Freeman, the "alleged sex crime victim." *Id.* at 2. Tripp claims Freeman had him falsely arrested for something he did not commit and that Armstrong Jr., and Kyley Armstrong withheld information. *Id.* at 4. Tripp asserts that Daniel Armstrong had him arrested for a "fa[]lse sex crime" and that Templeman withheld information. *Id.* at 11. Tripp has not alleged sufficient facts for his family members to have become state actors under § 1983. Because Tripp has not alleged sufficient information that transform private individuals Cook, Templeman, Armstrong Jr., Armstrong (Kayley), Armstrong (David), Wagner, Steal, Freeman, Dornbush, and Deran, into state actors, all claims against them are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and

Tripp names Ryan Kolbeck, public defender, as a defendant. *Id.* at 3. The Supreme Court has determined that a public defender does not act "under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). In fact, the Eighth Circuit has reasoned that because a public defender is bound by a duty to his client and by the rules of professional responsibility, he or she "operates within a sphere of independence allowing him to function not as the state's emissary, but as its opponent." *Montano v. Hedgepeth*, 120 F.3d 844, 849 (8th Cir. 1997). Thus, all claims against Kolbeck are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Tripp alleges that Michelle Thomas, a "public advocate," "[d]idn't care enough to look into my case[.]" *Id.* at 4, 8. Thomas is an attorney for the Minnehaha County Public Advocate's Office. The Public Advocate's Office handles indigent defense when the Public Defender's Office has a conflict. Because Thomas is a public defender, she is not acting "under color of state law within the meaning of § 1983" and the claims against her are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). *Polk County*, 454 U.S. at 321.

### 2. Health Services Staff and the Special Investigations Unit

Tripp names the Health Services Staff and the Special Investigations Unit as defendants. Docket 9 at 5. Tripp claims that the Health Services Staff have violated his right to exercise his religion and have shown medical indifference to his medical needs. *Id.* at 11. The Health Services Staff and the Special Investigations Unit are both departments of the SDDOC. *See id.* A subdivision

or department of a government entity is not a juridical entity suable under

§ 1983. *See Ketchum v. City of West Memphis, AR*, 974 F.2d 81, 82 (8th Cir.

1992). Because the Health Services Staff and the Special Investigations Unit

are subdivisions or departments of the SDDOC, they are not suable entities

under § 1983. Thus, the Health Services Staff and Special Investigations Unit

are dismissed as defendants and Tripp's claims against them are dismissed

under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 3.   Judicial Immunity

Tripp names Judge Robin J. Houwman and Judge Natalie Damgaard as

defendants. Docket 9 at 4. Tripp asserts that they "didn't even care enough to

look into [his] case . . . allowing [him] to go to prison knowing that the[re] w[]ere

laws broke[en][.]" *Id.* at 8, 14. Tripp claims that Judge Houwman knew "that

[he] could not afford the bail to force [him] to take a plea agreement[.]" *Id.* at

11. He claims both Judges gave him an illegal "suspended" sentence. *Id.* at 11,

13.

Judges are generally immune from suit if the judge had jurisdiction over

the party. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("[T]he

necessary inquiry in determining whether a defendant judge is immune from

suit is whether at the time he took the challenged action he had jurisdiction

over the subject matter before him."). "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess

of his authority; rather, he will be subject to liability only when he has acted in

the 'clear absence of all jurisdiction.' " *Id.* at 357-58 (quoting *Bradley v. Fisher*,

80 U.S. 335, 351 (1872)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). " 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.' " *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Second Judicial Circuit Judges Damgaard and Houwman had jurisdiction over Tripp when he was being criminally prosecuted by the state of South Dakota and their actions were taken within their judicial capacities.[2] Thus, Tripp's claims against Judge Robin Houwman and Judge Natalie Damgaard are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### 4.    Claims against the United States Federal Government

Tripp names the United States Federal Government as a defendant. Docket 9 at 3. "The United States and its agencies are generally immune from suit." *Walker v. Shafer*, 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018) (citing *FDIC v. Meyer*, 510 U.S. 471, 474 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")). The United States must waive its sovereign immunity for the district court to have jurisdiction over a

---

[2] Judge Damgaard presided over both criminal cases that Tripp mentions in his case. Docket 9 at 8; *State v. Tripp*, Crim. No. 17-8454 (2d Jud. Cir. S.D.); *State v. Tripp*, Crim. No. 18-2375 (2d Jud. Cir. S.D.). Judge Robin Houwman presided over Tripp's criminal case of *State v. Tripp*, Crim. No. 49C10007702A0 (2d Jud. Cir. S.D.).

claim. *Id.* Because Tripp does not demonstrate a waiver of sovereign immunity, his claims against the United States Federal Government are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 5.   Claims against the State of South Dakota

Tripp sues the South Dakota Department of Corrections and the Parole Board. Docket 9 at 5-6. The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Cory v. White*, 457 U.S. 85, 90 (1982). In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines powers created by state law, the degree of autonomy and control, and whether it is funded by the state treasury. *Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir.1985). According to South Dakota statutes, the Parole Board is a division of the Department of Corrections. SDCL § 24-13-3. The Department of Corrections was created by the state legislature, SDCL § 1-15-1.2, as was the Parole Board. SDCL § 24-13-1. Each member of the Board is appointed "with the advice and consent of the Senate," SDCL § 24-13-1, and their salaries are paid from the state budget. SDCL §§ 24-13-5; 4-7-10.4. The Board controls and supervises all parolees in the State. The Department of Corrections and the Parole Board are an arm of the State of South Dakota and, as such, are not subject to suit under § 1983.[3] Tripp's claims against the

---

[3] Tripp also sues Savanah Muray, a Parole Board member, in her individual and official capacity. Docket 9 at 6. The Eighth Circuit has held that parole board members are absolutely immune from suit for considering and deciding parole questions, whether the decision is based on lawful or unlawful considerations. *See Patterson v. Von Rieson*, 999 F.2d 1235,1239 (8th Cir.

South Dakota Department of Corrections and the Parole Board are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 6.    Claims against the Sioux Falls Police Department

Tripp sues the Sioux Falls Police Department in its individual and official capacity. Docket 9 at 3. Claims against the Sioux Falls Police Department are the equivalent of a lawsuit against the City of Sioux Falls. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Tripp does not allege that the City of Sioux Falls has unconstitutional policies or customs, thus his claims against the Sioux Falls Police Department are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 7.    Official Capacity Claims

Tripp sues Jessica Cook, Genie Beirch, Jamie Zoss, Jennifer Driski, Cassie Hall, Katherine Olsen, Bob Dooley, Daren Young, Troy Ponto, Richard Vestlie, Tammy Top, Arthur Allock, Kieth Ditmanson, Tiffany Stoyaknove, Kyle Bender, Eric Timmerman, John Benting, Kevin Westenwercher, Amber Hagan,

---

1993). Muray is absolutely immune from liability in this action and all claims against her, in her individual and official capacity, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Timathy Standvoid, Larry Anderson, Ashley Roopert, and Eugine Reiger in their individual and official capacities. Docket 9 at 1-7. Tripp alleges that these defendants are all employees of the South Dakota State Prison. *Id.* He also sues Jason Ravensborg, John M. Stromon, and Lindsey S. Quesnay in their individual and official capacities and Tripp claims that all of these individuals work for the South Dakota Attorney General's Office. *Id.* Additionally, he sues Thomas Henlsey in his individual and official capacity and claims that he is a Deputy State's Attorney. *Id.* at 5.

The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The sole relief Tripp seeks is $100 million. Docket 9 at 9. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Will*, 491 U.S. at 66. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan,* 555 U.S. 223, 242-43 (2009).

Because the state of South Dakota has not waived its sovereign immunity and because Tripp only seeks monetary damages, all claims against defendants Jessica Cook, Genie Beirch, Jamie Zoss, Jennifer Driski, Cassie Hall, Katherine Olsen, Bob Dooley, Daren Young, Troy Ponto, Richard Vestlie, Tammy Top, Arthur Allock, Kieth Ditmanson, Tiffany Stoyaknove, Kyle Bender,

14

Eric Timmerman, John Benting, Kevin Westenwrcher, Amber Hagan, Timathy Standroid, Larry Anderson, Ashley Roopert, Eugine Reiger, Jason Ravensborg, John M. Stromon, and Lindsey S. Quesnay in their official capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Tripp sues Thomas Hensley, a Minnehaha County States Attorney, in his individual and official capacity. Docket 9 at 5. Claims against Hensley in his official capacity are the equivalent of a lawsuit against Minnehaha County. *See Veatch*, 627 F.3d at 257. A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell,* 436 U.S. at 694. Tripp does not allege that Minnehaha County has unconstitutional policies or customs, thus his claims against Hensley, in his official capacity, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 8.   **Individual Capacity Claims**

#### a.   **Access to the Courts**

Tripp claims that John M. Stroman and Jessica Cook violated his First Amendment right to access the courts. Docket 9 at 10, 11. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 347. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal

claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Tripp claims that Cook refused to give him an informal resolution request but does not allege that the refusal of the form has "hindered his efforts to pursue a legal claim." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (internal quotation omitted; Docket 9 at 10. Thus, Tripp's access to courts claim against Cook, in her individual capacity, is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Next, Tripp claims that John M. Stroman, Assistant Attorney General for the state of South Dakota, "will not allow [him] to file [a] federal habeas corpus unless [he] file[s] [his] state court remedies first." Docket 9 at 11. Tripp has filed numerous petitions for writ of habeas corpus with this court.[4] Because Tripp has not alleged an actual injury and has filed numerous petitions before this court, his access to the courts claim against John M. Stroman, in his individual capacity, is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b.    Malicious Prosecution

Tripp sues Jason Ravonsborg, Attorney General for the state of South Dakota, Thomas Hensley (Deputy State's Attorney) and Lindsey S. Quesney

---

[4] *See Tripp v. Warden of South Dakota State Penitentiary et al.*, No. 4:19-cv-04120-LLP (D.S.D. filed July 9, 2019); *Tripp v. Dooley et al.*, No. 4:19-cv-04079-LLP (D.S.D. filed Apr. 19, 2019); *Tripp v. Dooly et al.*, No. 4:19-cv-04162-LLP (D.S.D. filed Sept. 18, 2019). Magistrate Judge Duffy has jurisdiction over these matters under 28 U.S.C. § 636(b)(1)(B) and this court's standing order dated October 16, 2014.

(Assistant Attorney General) because he claims they "didn't even care enough to look into [his] case [and] drop the charges[,] allowing [him] to go to prison" even after "laws were broke[n] and [his] right [were] violated" in his state criminal cases. Docket 9 at 8. He also claims that Ravonsborg and Quesnay used him as a "political tool" and had him overcharged to force him and "scare [him] to take a harsh sentence." *Id.* at 11.  Tripp alleges that Hensley had him held in jail for a year. *Id.* at 11.

Liberally construing the facts of Tripp's amended complaint, he claims he was subjected to malicious prosecution. *Id.* at 8, 11. He alleges that the prosecutors on his case did not "look into [his] case" even after "laws were broke[n]." *Id.* at 8. Even with liberal construction, Tripp does not specifically allege a constitutional violation. "The general rule is that an action for malicious prosecution does not state a claim of constitutional injury." *Tech. Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001). "In other words, a § 1983 claim for malicious prosecution may survive only if defendants' actions also infringe on some provision of the constitution or federal law." *Schmidt v. Louise Big Boy*, 2007 WL 858419 at *10 (D.S.D. Mar. 20, 2007) (citing *Tech. Ordnance*, 244 F.3d at 650). Tripp does not allege a constitutional injury based on malicious prosecution. He merely asserts legally conclusive allegations. Thus, Tripp's malicious prosecution claims against Ravonsborg, Hensley, and Quesnay are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### c. Prison Rape Elimination Act (PREA) Violation

Tripp claims that he has been sexually harassed and that the PREA has

been violated. "Courts have found that PREA, however, does not create a

private right of action enforceable by an individual civil litigant." *Rindahl v.*

*Kaemingk*, 2017 U.S. Dist. LEXIS 105964, at *2 (D.S.D. July 10, 2017); *Woods*

*v. Hays*, 2015 WL 3645141, at *2 (E.D. Mo. June 10, 2015); see *also Krieg v.*

*Steele*, 599 F. App'x 231, 232 (5th Cir. 2015). Tripp's PREA claims are

dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### d. Illegal Sentence and Unlawful Custody

Tripp alleges that he was given an illegal sentence and that he is in

custody illegally. Docket 9 at 1, 10. These claims are more suited for a 28

U.S.C. § 2254 petition. A writ of habeas corpus can be brought in "behalf of a

person in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. 2254(a). Further, *Heck v. Humphrey* bars this

court from allowing a § 1983 claim to proceed on an "illegal sentence" claim

seeking money damages unless the plaintiff shows that his sentence has been

reversed or invalidated by a state or federal habeas proceeding. 512 U.S. 477,

490 (1994).

### e. Fourteenth Amendment Equal Protection and Due Process

Liberally construing Tripp's amended complaint, he has asserted that his

Fourteenth Amendment right to equal protection has been violated. Docket 9 at

18

7, 10. Tripp asserts that Benting, Hall, Olsen, Beirch, Stoyaknove, Ponto, Young, Cook, Allcock, and Driski have kept him in segregated housing for two years and that there are more dangerous inmates than him who pass through the program more quickly. *Id.* Tripp argues that these actions are the result of prejudice and favoritism. *Id.*

The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dept. of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (internal quotation omitted). To show an equal protection violation, Tripp must show: (1) he is treated differently than a similarly situated class of inmates, (2) the different treatment burdens a fundamental right, and (3) there is no rational relation to any legitimate penal interest. *Id.* (citing *Weiler v. Purkett*, 137 F.3d 1041, 1051 (8th Cir. 1998)). The Eighth Circuit explained for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (internal quotation omitted). "Suspect classifications include those such as race, alienage, gender, or national origin." *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999) (citing *City of Celburn v. Cleburne Living Ctr.,* 473 U.S. 432, 440 (1985)). Although Tripp asserts that he is being treated differently, he has not alleged sufficient facts to show that the treatment is based upon a suspect classification or a fundamental right. Thus, Tripp's Fourteenth Amendment

equal protection claim against Benting, Hall, Olsen, Beirch, Stoyaknove, Ponto, Young, Cook, Allcock, and Driski are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Tripp claims that Zoss took away his television and that Ditmanson "gave [him] a frivolous fine[.]" Docket 9 at 10, 11. Liberally construing these facts, Tripp is alleging a Fourteenth Amendment due process claim because he has allegedly been deprived property without due process. If there is an adequate postdeprivation remedy, then there is no due process violation for even the intentional deprivation of a prisoner's property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because state law provided the prisoner in *Hudson* with adequate state remedies after the deprivation of his property, the Court held that no due process violation occurred in that case. *Id.* at 535. Here, SDCL § 21-3-3 provides an adequate postdeprivation remedy. This statute provides a cause of action for wrongful conversion of personal property. *See* SDCL § 21-3-3. Section 21-3-3 provides a description of the damages available for conversion, but the tort of conversion is a common law tort not defined in the statute. *Rensch v. Riddle's Diamonds of Rapid City, Inc.*, 393 N.W.2d 269, 271 (S.D. 1986). "Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 766 (S.D. 2002). The common law and SDCL § 21-3-3 provide Tripp with an adequate postdeprivation remedy for the conversion of his property. Thus, there is no due process violation. *Hudson*, 468 U.S. at 535.

20

Tripp's due process claims against Zoss and Ditmanson are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### f.    Verbal Harassment and Slander

Tripp claims that Westencurcher has called him a "bitch" and a "snitch," that Allcock called him a "fagot[,]" and that Roopert slandered him. Docket 9 at 10, 13. Verbal harassment, abuse, and threats, including profanity alone do not amount to constitutional violations. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001). The Eighth Circuit has recognized a narrow exception for conduct that amounts to "wanton act[s] of cruelty" that can be categorized as "brutal." *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986). In *Burton*, the Eighth Circuit held that a guard who pointed a pistol at a prisoner and stated, "n[****]r run so I can blow your Goddamn brains out, I want you to run so I'll be justified" could be held accountable under § 1983. *Id.* at 99. But Tripp's allegations do not fit that narrow exception. He has not alleged that Allcock, Roopert or Westencurcher had a weapon or threatened him with physical harm. Thus, his harassment claims against Westencurcher, Allcock, and Roopert, in their individual capacities, are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### g.    Eighth Amendment Claims

### i.    Failure to Protect

Tripp raises failure to protect claims against Bender, Timmerman, and Anderson, in their individual capacities. Docket 9 at 10. To prevail on an Eighth Amendment failure to protect an inmate from cruel and unusual

punishment claim, "a plaintiff must show that a defendant was *personally involved* in the alleged deprivation of rights and *deliberately interfered* with those rights." *Kenyon v. Dooley*, 2014 WL 3700878, at *3 (D.S.D. July 25, 2014) (alteration in original) (citing *DuBois v. Dooley,* 277 F. App'x 651, 652 (8th Cir. 2008)). To establish deliberate interference, a plaintiff " 'must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind.' " *Kenyon*, 2014 WL 3700878, at *3 (quoting *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir.1997) (citations omitted)).

If a prison official has knowledge of the risk and fails to act it can amount to deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 842, 847 (1994); *Coleman,* 114 F.3d at 786. To show deliberate indifference, an inmate must demonstrate that a prison official knew the "inmate face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (citing *Coleman*, 115 F.3d at 756). Mere negligence does not constitute deliberate indifference. *Warren v. Missouri,* 995 F.2d 130, 131 (8th Cir.1993).

Tripp claims that another inmate, Tyler Cook, threatened him. Docket 9 at 10. He alleges that Timmerman (a correctional officer) knew that Cook had been threatening him (Tripp) but Timmerman failed to notify the proper officials. *Id.* Tripp claims that Anderson, a teacher, knew Cook and Tripp had "issues" but Anderson still allowed them to be in the same class. *Id.*  Tripp claims correctional officer, Bender, loosened his hand and allowed Cook to

22

assault Tripp and that Anderson just stood there while the assault took place. *Id.* At this time, Tripp has pleaded sufficient allegations to support failure to protect claims against Timmerman, Bender, and Anderson to survive § 1915A screening.

### ii.     Dirty Clothing

Tripp claims that his laundry was stolen by another inmate and correctional officer, Hagan, refused to get him clean underwear. Docket 9 at 10. Tripp alleges that as a result, he was forced to wear unclean underwear. *Id.* Prisoners are entitled to clean clothing, "reasonably adequate sanitation, personal hygiene, and laundry privileges[.]" *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989); *see also Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990) (noting inmates are "entitled to adequate laundry facilities" and "cleaning supplies"); *Shannon v. Graves*, 257 F.3d 1164, 1169 (10th Cir. 2001) (finding allegations of fecal contamination on clothing an Eighth Amendment claim). Tripp has sufficiently alleged a violation of his Eighth Amendment rights as to clean clothing and his claim against Hagan survives § 1915A review.

### iii.     Medical Indifference

Tripp claims that Richard Vestile refused to open his cell door and denied him his mental health medication. Docket 9 at 10. "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. More specifically, a prisoner must allege " '(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.' " *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995)).

Tripp has sufficiently pleaded a medical indifference claim against Richard Vestile, as he claims Vestile withheld his mental health medication from him. Docket 9 at 10. Tripp's medical indifference claim against Vestile survives § 1915A review.

## III.   Motions for Appointment of Counsel

Tripp moves for appointment of counsel. Dockets 10, 15. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." "[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a

frivolous or malicious claim." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. The Eighth Circuit considers: "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (holding that the district court erred when it denied plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Tripp's claims do not appear to be factually or legally complex. Docket 9. Because this court believes Tripp can adequately present his claims at this time, his motions for appointment of counsel (Docket 10 and 15) are denied.

## IV.   Motion to Amend

Tripp moves to amend his complaint. Docket 17. Federal Rule of Civil Procedure 15 governs amendments of pleadings. *See* Fed. R. Civ. P. 15(a). Under the rule, a party may amend a pleading once as a matter of right within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1). Thereafter, the party may amend only with the written consent of the opposing party or the court's permission. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Even under this generous standard, a court may deny a request to amend for " 'compelling reasons such as undue

25

delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

"A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (internal citation omitted). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Further, a "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Moody v. Vozel*, 771 F.3d 1093, 1095-96 (8th Cir. 2014) (internal quotation omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his latest motion to amend, Tripp seeks to add inmates, John Holden, Sam Larusn, and Brian Edwords, as defendants. Docket 17 at 1. But he does not assert any facts that would support that the private individuals have been acting " 'under the color of state law.' " *Wickersham*, 481 F.3d at 597 (quoting

26

*Lugar*, 457 U.S. at 935). Thus, Tripp's § 1983 action against the inmates is futile. Further, Tripp seeks to add sergeant Samual Yost as a defendant and claims that Yost harassed him. Docket 17 at 2. This court has already addressed why insults or verbal abuse without more does not support a constitutional claim or federal law claim. Thus, Tripp's claim against Yost is futile. Because the defendants Tripp seeks to add and the claims against them are futile, this court denies his motion to amend (Docket 17).

Thus, it is ORDERED:

1.   That Tripp's motion to proceed in forma pauperis (Docket 11) is denied as moot.

2.   That Tripp's motions for appointment of counsel (Dockets 10 and 15) are denied.

3.   That Tripp's motion to amend (Docket 17) is denied.

4.   That Tripp's claims against defendants Tyler Cook, Bonnie Templeman, Daniel Armstrong, Jr., Kayley Armstrong, Michelle Thomas, Moses Wagner, Anthony Steal, James Dornbush, Daniel Armstrong, Auden Deran, Ryan Kolbeck, Magistrate Judge Veronica L. Duffy, Judge Robin J. Houwman, Judge Natalie Damgaard, Matthew Thelen, United States Federal Government, Sioux Falls Police Department, South Dakota Department of Corrections, Parole Board, Savanah Muray, Jessica Cook, Genie Beirch, Jamie Zoss, Jennifer Driski, Cassie Hall, Katherine Olsen, Bob Dooley, Daren Young, Troy Ponto, John Benting, Kevin

Westenwercher, Timothy Stranvoid, Ashley Roopert, Eugine Reiger, Special Investigations Unit, Jason Ravonsborg, John M. Stromon, Thomas Hensley, Keith Ditmanson, Lindsey S. Quesney, Health Services Staff, and Special Investigations Unit, in their individual and official capacities, are dismissed under §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

5. That Tripp's claims against defendants Kyle Bender, Eric Timmerman, Amber Hagan, Larry Anderson, and Richard Vestile, in their official capacities, are dismissed under §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

6. That Tripp's Eighth Amendment failure to protect claims against Bender, Timmerman, and Anderson, in their individual capacities, survive 28 U.S.C. § 1915A review.

7. That Tripp's Eighth Amendment medical indifference claim against Vestile, in his individual capacity, survives 28 U.S.C. § 1915A review.

8. That Tripp's Eighth Amendment unsanitary clothing claim against Hagan, in her individual capacity, survives 28 U.S.C. § 1915A review.

9. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Tripp so that he may cause the complaint to be served upon defendants Bender, Timmerman, Anderson, Hagan, and Vestile.

28

10. That Tripp shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

11. The United States Marshal Service shall serve the completed summonses, together with a copy of the amended complaint (Docket 9) and this order, upon the defendants.

12. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

13. Tripp will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 25, 2020.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE