UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP,<br><br>      Plaintiff,<br><br>vs.<br><br>TYLER COOK, inmate, in his individual capacity; JESSICA COOK, assistant warden in her individual and official capacity; LARRY ANDERSON, teacher, in his individual and official capacity; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, in its individual and official capacity;  HEALTH SERVICE STAFF, NURSES, DOCTORS, NURSE PRACTITIONER in their individual and official capacities;  SPECIAL INVESTIGATIONS UNIT, in its individual and official capacity; GEANIE BERRCH, ADSEG Manager, in her individual and official capacity; JAMIE ZOSS, Unit Coordinator in her individual and official capacity; JENNIFER DRISKI, Warden, in her individual and official capacity; CASSIE HALL, Mental Health, in her individual and official capacity; KATHERINE OLSEN, Unit Coordinator, in her individual and official capacity; BOB DOOLY, Warden, in his individual and official capacity; DAREN YOUNG, Warden, in his individual and official capacity; BONNIE TEMPLEMON, Aunt, in her individual capacity; DANIEL ARMSTRONG JR., Cousin, in his individual and official capacity; TROY PONTO, Warden, in his individual and | 4:20-CV-04021-KES<br><br><br>ORDER ALLOWING PLAINTIFF TO PROCEED IN FORMA PAUPERIS ON APPEAL |

official capacity; RICHARD NESTLIE, Correctional Officer in his individual and official capacity; TAMMY TOP, Nurse Practitioner, in her individual and official capacity; ASHLEY ROOPERT, Teacher, in her individual and official capacity; EUGIENE REGIER, Doctor, in his individual and official capacity; KAYLEY ARMSTRONG, Cousin, in her individual and official capacity; JASON RAVENSBORG, Attorney General, in his individual and official capacity; JOHN M. STROMON, Assistant Attorney General, in his individual and official capacity; MATTHEW THELEN, Federal Clerk of Courts, in his individual and official capacity; U.S. FEDERAL GOVERNMENT, in its individual and official capacity; ARTHUR ALLCOCK, Warden of South Dakota State Prison, in his individual and official capacity; MICHELLE THOMAS, Public Advocate, in her individual and official capacity; RYAN KOLBECK, Public Defender in his individual and official capacity; THOMAS HENSLEY, States Attorney in his individual and official capacity ; LINDSEY S. QUESNAY, States Attorney in her individual and official capacity; SIOUX FALLS POLICE DEPARTMENT, in its individual and official capacity; ROBBIN HOWMAN, Judge, in her individual and official capacity; NATTILIE DAMGUARD, Judge, in her individual and official capacity; VERONICA L. DUFFY, Magistrate Judge in her individual and official capacity; KIETH DITMONSON, Unit Manager, in his individual and official capacity; TIFFINY SCOYAKNOVE, ADSEG Coordinator, in her individual and official capacity; KYLE BENDER, Correctional Officer, in his individual and official capacity; AND ERIC

| | |
|---|---|
| TIMMERMAN, Correctional Officer, in his individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Kevin Christopher Micheal Tripp filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened Tripp's amended complaint under 28 U.S.C. § 1915A and directed service on his Eighth Amendment claims. Docket 21 at 28. Tripp filed a notice of interlocutory appeal. Docket 25.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is

taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Tripp's interlocutory appeal is taken in good faith. Further, he has provided the court with a report of his prisoner trust account, which indicates that he has average monthly deposits of $16.67 and an average monthly balance of *negative* $10.58. Docket 18. Based on this information, the court waives Tripp's initial filing fee.

In order to pay his filing fee, Tripp must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Tripp's institution. Tripp will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

IT IS ORDERED:

1. That Tripp is granted leave to proceed in forma pauperis on appeal.

2. The institution having custody of Tripp is directed that whenever the amount in Tripp's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Tripp's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(2), until the $505 appellate filing fee is paid in full.

Dated July 29, 2020.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE